CUNNINGHAM *v.* STATE.

Opinion delivered March 18, 1918.

1. WITNESSES—MAY BE CONTRADICTED, WHEN.—A witness can not be contradicted unless the proper foundation therefor is laid.

2. TRIAL—ARGUMENT—OPINION OF ATTORNEY.—Mere expressions of opinion by an attorney in argument, however erroneous and unfounded the opinion may be, do not constitute ground for reversal of a judgment.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*L. E. Sawyer,* for appellant.

The court erred in refusing to permit Morehead, the jailer, to testify as to what Tisdale said in defendant's presence at the jail. The purpose was to get everything said or done at the time of the supposed admission before the jury and the testimony was competent.

It was error to compel defendant to testify to a previous conviction in Federal Court.

The prosecuting attorney's remarks in his closing argument were prejudicial and erroneous.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. Morehead's testimony was incompetent as hearsay evidence. No foundation was laid. Kirby's Digest, § 3139; 37 Ark. 324.

2. No exceptions were saved to appellant's testimony in answer to questions as to former conviction in Federal Court. 73 Ark. 407.

3. The remarks of the prosecuting attorney merely stated his opinion of notorious facts and not prejudicial. 86 Me. 309; 70 Ill. 146; 77 Ga. 182. See also, 15 R. C. L. 1125, § 53; 221 U. S. 815, 820.

McCULLOCH, C. J. Appellant was indicted and convicted of the offense of selling liquor, a felony, committed during the month of September, 1916. The conviction was obtained mainly on the testimony of John Tisdale, a police officer. Appellant was operating a restaurant in the city of Hot Springs and Tisdale testified that while he was walking down the street towards appellant's restaurant he saw a man named Walker coming across the street toward the restaurant with money in his hands and that Walker went into the restaurant and up to the counter and gave appellant money and received whiskey from appellant in return. Tisdale testified further that he took Walker into custody after he left the restaurant and took the whiskey away from him. This occurred, according to the testimony of the witness, about noon on a certain day in September, 1916. Tisdale arrested appellant and took him to jail, and he also testified that appellant admitted selling the whiskey to Walker. Morehead, the jailer, testified that appellant, when brought to jail, denied that he was guilty of bootlegging, but stated "that if the city needed $50.00 he would give them $50.00, but that he would not plead guilty to boot-legging; that if the city was hard up he would give them $50.00." Appellant testified in his own behalf and denied that he sold liquor to Walker, or any other person. He introduced other testimony tending to show that he was innocent of the charge.

The first ground urged for reversal is that the court erred in refusing to permit Morehead, the jailer, to state what Tisdale said in the presence of defendant at the jail. Appellant offered the testimony without laying

any foundation by first asking Tisdale concerning said statement. It is contended that the testimony was competent because it related to a statement made at the same time and place of the alleged confession of appellant and throws light on the confession. The excluded testimony really had no bearing on defendant's admission, and even, if competent, the ruling of the court was harmless. The substance of the testimony concerning the statement of Tisdale was that Tisdale said that he got the whiskey from the negro, Walker, and when the witness was asked what Tisdale said about seeing the sale made by appellant he replied that he didn't remember whether Tisdale said that or not. At that point the court interposed and on its own motion ruled that the testimony was not competent unless a foundation was laid for contradicting Tisdale. Of course, there could be no contradiction of the witness without laying the proper foundation and the materiality of the statement as substantive proof is not apparent.

It is next contended that the court erred in compelling appellant to answer a question concerning his plea of guilty to an indictment in the Federal Court for the same act of selling whiskey. There was an objection to the admissibility of the evidence, but no exceptions were saved, so the question is not before us for decision.

The third and last ground urged for reversal relates to certain statements of the prosecuting attorney in the closing argument to the jury. The bill of exceptions recites that the prosecuting attorney stated in his argument "that the reason why Cunningham sold the whiskey openly in the presence of John Tisdale, an officer, was because that at that time whiskey was being sold in open violation of the law, and continued to be sold until the grand jury put a stop to it, and in that connection called the attention of one of the jurors to the fact that he knew at that time that whiskey was openly sold near his place of business."

We think that this argument was a mere opinion of the prosecuting officer attempting to draw an inference as to law enforcement in that city and community, and an application of it to appellant's attitude as shown by the testimony adduced by the State.   The question of the extent to which the law is enforecd is necessarily one of opinion, and different minds may draw different conclusions in a community as to whether or not the law is being properly enforced.   The substance of the argument was that appellant had grown so bold in the violation of the liquor laws that he sold liquor with impunity in the very presence of an officer and that this was caused by the laxity in the enforcement of law.   The argument was one that is not to be commended as altogether fair to an accused person on trial, but we do not think that it affords grounds for reversing the judgment.   This applies to the whole of the statement, for the latter part of it calling upon one of the jurors to verify the statement, was, after all, a part of the statement of the prosecuting attorney's own opinion as to the laxity in law enforcement which emboldened appellant to sell whiskey openly. It has often been held by this court that mere expressions of opinion by an attorney in argument, however erroneous and unfounded the opinion may be, do not constitute grounds for reversal of a judgment.

The judgment in this case is, therefore, affirmed.